**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

IN RE:                                                               )     Case No.  05-44425-DRD-13
    **Vinita Marie Morris**                              )
                                                               )
                                  **Debtor.**              )

**CHAPTER 13 PLAN AND PLAN SUMMARY**

1. **PLAN PAYMENT:** Debtor to pay $1250.00 per month from future earnings in the manner indicated below.  Except as otherwise provided in the Confirmed Plan or in the Order confirming the Plan, the Trustee shall make payments to creditors under the Plan.  The Trustee shall only make payments creditors with filed and allowed claims.  The manner of distribution to creditors is determined by the Chapter 13 Trustee unless otherwise set out in the Plan as Confirmed.

   **PLAN PAYMENTS ARE TO BEGIN WITHIN 30 DAYS OF THE DATE THE ORIGINAL PLAN IS FILED WITH THE CLERK OF THE BANKRUPTCY COURT WHETHER OR NOT THE PLAN PROVIDES FOR WAGE DEDUCTION AND WHETHER OR NOT THE WAGE DEDUCTION HAS GONE INTO EFFECT.  PAYMENT ON TIME IS THE DEBTOR'S RESPONSIBILITY. ONCE A PLAN IS CONFIRMED, THAT PLAN PAYMENT REMAINS IN EFFECT UNTIL SUCH TIME AS THE COURT CONFIRMS A SUBSEQUENT AMENDMENT.  IF INFORMATION IS PROVIDED IN THE SECTION FOR WAGE ORDER TO EMPLOYER, THE WAGE ORDER WILL BE ISSUED TO THE EMPLOYER.  THE TRUSTEE ALSO MAY CAUSE A WAGE ORDER TO BE ISSUED TO THE DEBTOR'S EMPLOYER PURSUANT TO LR 3083-1H.**

   **THE DEBTOR SHALL DEVOTE TO THE PLAN ALL OF THE DEBTOR'S DISPOSABLE INCOME FOR THE THREE YEAR PERIOD FROM THE DATE THAT THE FIRST PLAN PAYMENT IS DUE PURSUANT TO 11 U.S.C. §1326(a)(1).  THE DEBTOR SHALL PAY AT LEAST 36 MONTHLY PLAN PAYMENTS INTO THE PLAN UNLESS THE PLAN PAYS 100% TO ALL FILED AND ALLOWED CLAIMANTS.**

   VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:                    DIRECT PAYMENTS: From Debtor(s) to Trustee
   (Employer's Name, Address, telephone number)
   SBC Attn: Payroll
   500 East 8th Street, Room 1075
   Kansas City, MO 64106
   (    )

2. **Filing Proofs of Claims:** The Trustee shall only distribute payments to creditors who filed proofs of claim. If the plan provides for the debtor to make payments directly, then the failure of the creditor to file a proof of claim does not excuse the Debtor from making the required direct payments. If the Debtor is to make direct payments to a creditor those payments must be paid pursuant to the terms of the contract regardless of whether the plan is confirmed. However, if the Trustee is to pay any portion of a claim, then it is necessary for the creditor to file a proof of claim to receive the portion of the claim to be paid through the Trustee's office. The Trustee will distribute to creditors, absent other order of the Court, based on the notice to allow claims and any notices to allow additional or amended claims. LR-3084-1 and LR 3085-1.

3. **ADMINISTRATIVE COSTS:** Pay Debtor(s) attorney as indicated below and pay Trustee's fee per 28 USC §586 and 11 U.S.C. §1326.

   Attorney Fees:          $1300.00          total attorney fees
                                     $206.00            attorney fee to be paid directly by the Debtor
                                     $1094.00          attorney fees to be paid from the Plan payments.

   **Attorney fees paid from the plan payments will be paid pursuant to the Local Rules of the Bankruptcy Court unless a different treatment is provided in paragraph 12 of this plan *and* the Bankruptcy Court issues a specific order regarding that proposed treatment. The confirmation of the plan without that separate, specific court order will not permit attorney fees to be paid contrary to the Local Rules. All attorney fees paid contrary to the Local Rules or other order of the Court are subject to disgorgement. LR 2016-1.**

4. **SUPPORT:** Future support owed to _____ is to be:
   ____ Paid directly to the recipient by the Debtor(s).
   ____ Paid to recipient from the Plan payments at $_____ per month.
   ____ Support arrearage of $_____ is to be paid from Plan Payments at $____ per month.

5. **RESIDENTIAL LIEN HOLDER(S). (Use this section ONLY for the primary residence where the pre-petition arrearage is being cured and the regular monthly post-petition payments are being maintained. All other long term debts***** should be dealt with in paragraph 6.)**

    EXCEPT AS OTHERWISE SET FORTH HEREIN, RETAIN LIEN(S) AND PAID AS LONG TERM DEBT(S) PURSUANT TO 11 U.S.C. §1322(b)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO 11 U.S.C. §1328(a)(1). IF RELIEF FROM THE AUTOMATIC STAY PROVIDED BY 11 U.S.C. §362(a) IS GRANTED PURSUANT TO 11 U.S.C. §362(d) AT THE REQUEST OF ANY RESIDENTIAL LIEN HOLDER(S) (OR SERVICER), ALL REMAINING CLAIM(S) OF ALL RESIDENTIAL LIEN HOLDER(S) SHALL NOT BE TREATED AS LONG TERM DEBT(S) PURSUANT TO 11 U.S.C. §1322(b)(5), NOT EXCEPTED FROM DISCHARGE PURSUANT TO U.S.C. §1328(a)(1), AND SHALL BE TREATED THE SAME AS CLAIMS COVERED BY SECTION 11 HEREINAFTER.

    PURSUANT TO 11 U.S.C. §1322(e), WITH REGARDS TO ANY AGREEMENTS ENTERED INTO ON OR AFTER OCTOBER 22, 1994, ANY PORTION OF THE TOTAL PRE-PETITION ARREARAGE CLAIM THAT IS NOT ENTITLED TO RECEIVE INTEREST IN ACCORDANCE WITH THE UNDERLYING AGREEMENT AND APPLICABLE NON-BANKRUPTCY LAW SHALL NOT RECEIVE INTEREST HEREUNDER. A RESIDENTIAL LIEN HOLDER (OR SERVICER) SHALL SET FORTH CLEARLY ON THE FACE OF ITS PROOF OF CLAIM THE PORTION OF THE TOTAL PRE-PETITION ARREARAGE CLAIM THAT IS ENTITLED TO RECEIVE INTEREST AND THE CONTRACT RATE OF INTEREST. IF A RESIDENTIAL LIEN HOLDER (OR SERVICER) FAILS TO SET FORTH ON THE FACE OF ITS PROOF OF CLAIM THE PORTION OF THE TOTAL PRE-PETITION ARREARAGE THAT IS ENTITLED TO RECEIVE INTEREST AND THE CONTRACT RATE OF INTEREST, THEN THE RESIDENTIAL LIEN HOLDER (AND SERVICER) SHALL NOT BE ENTITLED TO RECEIVE ANY INTEREST ON THE TOTAL PRE-PETITION ARREARAGE HEREUNDER OR AFTER THE DISCHARGE ORDER IS ENTERED.

    ____ Post-petition payments are to be paid directly by Debtor(s), except as otherwise set forth herein.
    **X** Post-petition payments are to be paid from the Plan Payments, except as otherwise set forth herein.

    | Lien Holder (or Servicer) | Regular Monthly Payment | Total Pre-Petition Arrearage*** | Arrearage Rate Of Interest**** | Monthly Arrearage Payment (If left blank the creditor will be paid "pro-rata") |
    |---|---|---|---|---|
    | (1) Chase Home Finance | $704.42 | $5937.85 | 0% - See Above | $Pro-Rata |
    | (2) America's Servicing Corp. | $206.36 | $1300.04 | 0% - See Above | $Pro-Rata |

    **RESIDENTIAL LIEN HOLDERS THAT ARE TO BE PAID IN FULL FROM THE PLAN PAYMENTS DURING THE LIFE OF THE PLAN (Use this section ONLY for the primary residence.).**

    **THESE CLAIMS WILL BE PAID ON A PRO RATA BASIS WITH THE CONTRACT RATE OF INTEREST. IF THE RESIDENTIAL LIEN HOLDER (OR SERVICER) FAILS TO PROVIDE THE CONTRACT RATE OF INTEREST ON THE FACE OF ITS PROOF OF CLAIM, UNLESS OTHERWISE ORDERED BY THE COURT, THE CLAIM SHALL RECEIVE INTEREST AT THE RATE PROVIDED BY THE LOCAL RULES AND THE RESIDENTIAL LIEN HOLDER (AND SERVICER) SHALL NOT BE ENTITLED TO RECEIVE ANY ADDITIONAL INTEREST HEREUNDER OR AFTER THE DISCHARGE ORDER IS ENTERED.**

    **PURSUANT TO 11 U.S.C. §1322(e), WITH REGARDS TO ANY AGREEMENTS ENTERED INTO ON OR AFTER OCTOBER 22, 1994, IF ANY PORTION OF THE CLAIM IS FOR A PRE-PETITION ARREARAGE, THE PORTION OF THE PRE-PETITION ARREARAGE THAT IS NOT ENTITLED TO RECEIVE INTEREST IN ACCORDANCE WITH THE UNDERLYING AGREEMENT AND APPLICABLE NON-BANKRUPTCY LAW SHALL NOT RECEIVE INTEREST HEREUNDER. A RESIDENTIAL LIEN HOLDER (OR SERVICER) SHALL SET FORTH CLEARLY ON THE FACE OF ITS PROOF OF CLAIM THE PORTION OF THE TOTAL PRE-PETITION ARREARAGE CLAIM THAT IS NOT ENTITLED TO RECEIVE ANY INTEREST.**

    **IF RELIEF FROM THE AUTOMATIC STAY PROVIDED BY 11 U.S.C. §362(a) IS GRANTED PURSUANT TO 11 U.S.C. §362(d) AT THE REQUEST OF ANY RESIDENTIAL LIEN HOLDER(S) (OR SERVICER), ALL REMAINING CLAIM(S) OF ALL RESIDENTIAL LIEN HOLDER(S) SHALL NOT BE TREATED AS LONG TERM DEBT(S) PURSUANT TO 11 U.S.C. §1322(b)(5), NOT EXCEPTED FROM DISCHARGE PURSUANT TO U.S.C. §1328(a)(1), AND SHALL BE TREATED THE SAME AS CLAIMS COVERED BY SECTION 11 HEREINAFTER.**

| Lien Holder (or Servicer) | Principal Balance | Monthly Payment | Rate Of Interest |
|---|---|---|---|
| (1) | $ | $ | Contract - See Above |
| (2) | $ | $ | Contract –See Above |

6. **LONG TERM DEBTS***** PURSUANT TO 11 U.S.C. SECTION 1322(b)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO 11 U.S.C. SECTION 1328(a)(1):** To be paid from the plan payments as follows:

   **PURSUANT TO 11 U.S.C. §1322(e), WITH REGARDS TO ANY AGREEMENTS ENTERED INTO ON OR AFTER OCTOBER 22, 1994, ANY PORTION OF THE TOTAL PRE-PETITION ARREARAGE CLAIM THAT IS NOT ENTITLED TO RECEIVE INTEREST IN ACCORDANCE WITH THE UNDERLYING AGREEMENT AND APPLICABLE NON-BANKRUPTCY LAW SHALL NOT RECEIVE INTEREST HEREUNDER.  THE LIEN HOLDER SHALL SET FORTH CLEARLY ON THE FACE OF ITS PROOF OF CLAIM THE PORTION OF THE TOTAL PRE-PETITION ARREARAGE CLAIM THAT IS ENTITLED TO RECEIVE INTEREST AND THE CONTRACT RATE OF INTEREST.  IF A LIEN HOLDER FAILS TO SET FORTH ON THE FACE OF ITS PROOF OF CLAIM THE PORTION OF THE TOTAL PRE-PETITION ARREARAGE THAT IS ENTITLED TO RECEIVE INTEREST AND THE CONTRACT RATE OF INTEREST, THEN THE LIEN HOLDER SHALL NOT BE ENTITLED TO RECEIVE ANY INTEREST ON THE TOTAL PRE-PETITION ARREARAGE HEREUNDER OR AFTER THE DISCHARGE ORDER IS ENTERED.**

   **THE RESIDENTIAL LIEN HOLDER (AND SERVICER) SHALL, UNLESS OTHERWISE ORDERED BY THE COURT, APPLY THE PAYMENTS IT RECIEVES THE SAME AS DESIGNATED BY THE CHAPTER 13 TRUSTEE.  THE RESIDENTIAL LIEN HOLDER (AND SERVICER) SHALL, UNLESS OTHERWISE ORDERED BY THE COURT, ACCRUE ALL LATE CHARGES, IF ANY, UNTIL PAYMENTS ARE COMPLETED UNDER THE UNDERLYING AGREEMENT.  THE RESIDENTIAL LIEN HOLDER (AND SERVICER) SHALL NEVER BE ENTITLED TO CHARGE INTEREST ON THE ACCRUED LATE CHARGES NOR SHALL IT BE ENTITLED TO DECLARE A DEFAULT OF THE UNDERLYING AGREEMENT SOLELY FOR THE LATE CHARGES THAT ACCRUED WHILE THE PLAN IS/WAS IN EFFECT.**

   **IF RELIEF FROM THE AUTOMATIC STAY PROVIDED BY 11 U.S.C. §362(a) IS GRANTED PURSUANT TO 11 U.S.C. §362(d) AT THE REQUEST OF ANY RESIDENTIAL LIEN HOLDER(S) (OR SERVICER), ALL REMAINING CLAIM(S) OF ALL RESIDENTIAL LIEN HOLDER(S) SHALL NOT BE TREATED AS LONG TERM DEBT(S) PURSUANT TO 11 U.S.C. §1322(b)(5), NOT EXCEPTED FROM DISCHARGE PURSUANT TO U.S.C. §1328(a)(1), AND SHALL BE TREATED THE SAME AS CLAIMS COVERED BY SECTION 11 HEREINAFTER.**

| Creditor (or Servicer) | Regular Monthly Payment | Total Pre-Petition Arrearage*** | Rate Of Interest | Monthly Payment Through Plan On Arrearages |
|---|---|---|---|---|
|  | $ | $ | 0% - See Above | $ |
|  | $ | $ | 0% - See Above | $ |

   (If any of the regular monthly payments set out in this paragraph are to be paid directly, that direct treatment must be clearly indicated in paragraph 12 of this plan. There must be a fixed monthly payment provided for the "Regular Monthly Payment.")

7. **SECURED CREDITORS:** Retain lien and pay to value per 11 U.S.C. §1325(a)(5)(B)(i) & (ii) with any balance paid as non-priority unsecured.

| Creditor Name | Value of Collateral ****** | Discount Rate | Monthly Payment Through Plan (if left blank the creditor will be paid "pro rata") |
|---|---|---|---|
|  | $ | Local Rule % | $ |
|  | $ | Local Rule % | $ |

   **Secured creditors with a non-purchase money security interest in consumer goods will be subject to lien avoidance per 11 U.S.C. §522(f), and treated as a non-priority unsecured creditor if a separate motion/action is filed and the Court enters an Order Avoiding the Lien.**

8. **SECURED CREDITORS:** Surrender per 11 U.S.C. §1325(a)(5)(C). If a deficiency claim is filed it will be allowed unless the column titled "Surrender in Lieu of Entire Debt" has a mark of any kind in it. If there is any mark in said column the debt will be loaded as "surrendered in lieu of the entire debt," including any unsecured portion.

| Creditor Name | Surrender In Lieu Of Entire Debt |
|---|---|
| HSBC Auto Finance | Surrender |

9. **PRIORITY UNSECURED CREDITORS:** Pay 100% in full per 11 U.S.C. §1322(a)(2) and 11 U.S.C. §507.

| Creditor Name | Monthly Payment (if left blank the creditor will be paid "pro rata") |
|---|---|
|  | $ |
|  | $ |

10. **EXECUTORY CONTRACTS:**

| Creditor Name | Property Description | Monthly Payment | Months Remaining | Accept Reject | Payment Direct or Through Trustee |
|---|---|---|---|---|---|
|  |  | $ |  |  |  |
|  |  | $ |  |  |  |

11. **NON-PRIORITY UNSECURED CREDITORS:** <u>ONLY</u> choose <u>ONE</u> of the following:

    ____ A dividend of 100% **OR**
    _X_ A dividend of 0% **OR**
    ____ This is a "Pot" Plan *. There is non-exempt equity of $_____. ("The Pot"). **OR**
    ____ This is a "Base" Plan **. The Base is _____ months of Plan Payments.

12. **OTHER REMARKS OR PROVISIONS:**

    If applicable, the priority unsecured creditors are to be paid after the debt(s) owed to the secured creditors, including but not limited to mortgage arrearages, have been paid in full.

Date: _____                               /s/ Vinita Marie Morris_____
                                               Vinita Marie Morris, Debtor


Date: _____                               /s/ Tracy L. Robinson_____
                                               Tracy L. Robinson  #36691
                                               818 Grand Blvd., Suite 505
                                               Kansas City, MO  64106
                                               Phone: (816) 842-1317
                                               Fax:    (816) 842-0315
                                               Attorney for the Debtor(s)

* **POT PLANS -** The filed and allowed non-priority unsecured claimants will share pro rata any funds left in "The Pot" after the satisfaction of the pre-petition attorney fees being paid from the Plan payments and the pre-petition filed and allowed priority unsecured claims. If the pre-petition attorney fees being paid from the Plan payments and the filed and allowed priority unsecured claims are equal to or greater than "The Pot", the filed and allowed non-priority unsecured creditors will share zero (0%). After the dividend has been set by the Trustee's office to comply with "The Pot", the Trustee's office will not adjust the percentage to accommodate proofs of claim and amended proofs of claim filed and allowed after the bar date. It will be the responsibility of the debtor's attorney to determine if there needs to be an adjustment to the non-priority unsecured dividend. If the debtor's attorney determines that an adjustment needs to be made, it will be the responsibility of the debtor's attorney to determine an appropriate percentage and file an amendment to the plan to set the dividend to that percentage. Once the Trustee's office has set the dividend based on "The Pot", any amendment to the plan will need to reflect the dividend which has been set or the amendment needs to

provide a dividend that will comply with the Bankruptcy Code. If the plan runs less than 36 months with "The Pot" amount, then the Trustee may adjust the plan to a "Base Plan" of at least 36 monthly payments.

**\*\*BASE PLANS -** Filed and allowed non-priority unsecured claimants will share pro rata funds leftover after the payment of administrative expenses, including Court fees, Trustee's fees and attorney's fees; the payment of secured claims, including a discount rate; and priority unsecured claims based on the base number of months of Plan payments. ("The Base"). Because the total funds paid into the Plan **must** be sufficient to satisfy the administrative expenses, secured claims and priority unsecured claims, the Plan may actually run longer than "The Base". "The Base" may be adjusted upward to accommodate proofs of claim and amended proofs of claim filed and allowed after the bar date and to accommodate increases in long-term continuing debts being paid through the Plan payments. "The Base" may be adjusted upward to accommodate orders granting post-confirmation attorney fees and expenses paid from the plan payments. Notification received by the Trustee's office of an increase in a long-term continuing debt being paid through the Plan may result in "The Base" being adjusted upward to accommodate the increased payment. Any adjustments made because of the foregoing reasons that result in the Plan running in excess of the sixty-month statutory time limit of Section 1322(d) may result in the Trustee's office filing a motion to dismiss. "The Base" may be adjusted at the end of the Plan in order to allow a full monthly payment in the last month of the Plan to any creditor receiving continuing payments through the Trustee's office. "The Base" may be adjusted upward due to any additional funds the debtor receives which are determined to be disposable income either by agreement of the debtor and the Trustee or by order of the Court regardless of source. If the debtor remits sufficient funds to the Trustee to payoff the case in full, e.g. 100% to all filed and allowed unsecured creditors, the Trustee may adjust the plan to a 100% plan without further order of the Court.

\*\*\* **ARREARAGE -** Any arrearages listed on the plan/plan summary are the debtor's best estimate of the amount owed. The Trustee's office will pay arrearages based on the filed and allowed proof of claim of the creditor pursuant to Local Rule 3084-1(G). Unless otherwise specifically set forth herein and approved by order of the Court, all pre-petition arrearages will be paid from the Plan Payments.

\*\*\*\* **ARREARAGE RATE OF INTEREST –** The Trustee's office will initially load the Total Pre-Petition Arrearage claim to be paid at the rate of zero percent (0%) per annum. However, after the proof of claim is filed, pursuant to §1322(e), the Trustee's office will load the contract rate of interest, as long as, it is clearly set forth on the face of the proof of claim, as to the principal portion of the arrearages only.

\*\*\*\*\* **LONG TERM DEBT –** A long term debt is one in which the final payment due under the terms of the contract comes due after the final Chapter 13 plan payment comes due.

\*\*\*\*\*\* **VALUE OF COLLATERAL –** The value of collateral listed on the plan/plan summary is the debtor's best estimate. The Trustee's office uses the value listed on the face of the filed proof of claim, if one is listed, pursuant to Local Rule 3084-1(D) when loading the proof of claim.